UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:04cr166(SRU) |
| EDDIE MERCADO | |

**RULING**

A federal grand jury indicted Eddie Mercado on charges of murder in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(1) and (2) and causing death through the use of a firearm equipped with a silencer in violation of 18 U.S.C. §§ 924(c) and 924(i)(1) and (2).[1] Mercado has moved to dismiss the second count of the indictment as duplicitous.

An indictment is duplicitous if it joins two or more distinct crimes in a single count. *United States v. Sturdivant*, 244 F.3d 71, 75 n.3 (2d Cir. 2001) (citing *United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir. 1992)). An indictment is impermissibly duplicitous if it combines two or more distinct crimes into a single count and the defendant is prejudiced thereby. *Id.*

The policy considerations that underlie the prohibition on impermissible duplicity include:

> avoiding the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another, avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in a subsequent prosecution.

*Sturdivant*, 244 F.3d 71 at 75. *See also Aracri*, 968 F.3d at 518 (same); *United States v.*

---

[1] Subsequent to Mercado's indictment, the subsections of 18 U.S.C. § 924 were re-classified. At the time of the indictment on May 25, 2004, the pertinent provisions were 18 U.S.C. §§ 924(i)(1) and (2).

*Margiotta*, 646 F.2d 729, 733 (2d Cir. 1981) (same); *United States v. Murray*, 618 F.2d 892, 896 (2d Cir. 1980) (same).

Mercado argues that Count Two of the indictment is impermissibly duplicitous. That count provides:

> On or about January 29, 1996, in the District of Connecticut, the defendant, EDDIE MERCADO, a/k/a "Tan," aided and abetted by [other persons], during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, during and in relation to the offense set forth in Count One herein, did knowingly use, carry, and discharge a firearm equipped with a firearm silencer, and did aid and abet the use, carriage, and discharge of a firearm equipped with a firearm silencer, and in the course of such use, carriage, and discharge of said firearm and silencer, caused the death of Aida Escalera, and such death was a murder within the meaning of Title 18 United States Code, Section 1111; All in violation of Title 18, United States Code, Sections 924(c), (i)(1) and (2).

Mercado argues that Count Two charges two distinct crimes with disparate proof and penalties: (1) use of a firearm equipped with a silencer during and in relation to a crime of violence, and (2) causing death through the use of a firearm during and in relation to a crime of violence. The government contends that Count Two charges only one crime, that is, use of a firearm equipped with a silencer during and in relation to a crime of violence. Causing death through the use of the firearm is a sentencing factor rather than a separate offense, according to the government.

Duplicity does not necessarily require dismissal of an indictment. *Id.* at 79 (citing *United States v. Goodman*, 285 F.2d 378 (5th Cir. 1960) ("The entire count should not be dismissed when a less drastic ruling will suffice.")). The Second Circuit has recognized that courts may utilize other remedies in order to avoid prejudice to a defendant when there is a threat of impermissible duplicity. *Id.* For example, a court may use a jury instruction to ensure that the

jury is unanimous with respect to the particular conduct underlying the conviction.  *Id.*  A special verdict may also be used to avoid potential prejudice.  *See, e.g.*, *United States v. Huber*, 603 F.2d 387, 394 (2d Cir. 1979) (special verdict showed that jury was unanimous with respect to theory underlying conviction).

      I do not need to resolve whether Count Two charges two distinct crimes or one crime and a related penalty provision.  Taking into account the policy considerations set forth by the Second Circuit, in order to address any threat of prejudice to the defendant and avoid impermissible duplicity, a special verdict will be used.  That special verdict will set forth the components of Count Two and will require the jury to find: first, whether Mercado did knowingly use, discharge, and carry a firearm equipped with a silencer, and second, whether Mercado did cause the death of Escalera in the course of such use.  Both Mercado and the government will be consulted for input regarding the structure and language of the special verdict form.

      Mercado's motion to dismiss Count Two of the indictment as duplicitous (doc. # 54) is DENIED.

      It is so ordered.

      Dated at Bridgeport, Connecticut, this 26th day of October 2005.

                                            /s/ Stefan R. Underhill
                                            Stefan R. Underhill
                                            United States District Judge