UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>EDDIE MERCADO. | Case No.<br>3:04cr166 (SRU) |

**RULING ON MOTION FOR JUDGMENT OF ACQUITTAL OR FOR A NEW TRIAL**

On December 1, 2005, a jury convicted Eddie Mercado of committing a violent crime in aid of racketeering – namely, the murder of Aida Escalera – and using or carrying a firearm equipped with a silencer in connection with that violent crime. Mercado has filed a motion for judgment of acquittal or, alternatively, for a new trial. He argues that, pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, the court should issue a judgment of acquittal because the evidence presented at trial was insufficient to sustain the convictions. Alternatively, Mercado moves for a new trial under Rule 33(a) and (b)(2) on the ground that the verdict was against the weight of the evidence and represents a manifest miscarriage of justice.

The evidence at trial was sufficient to sustain a verdict of guilty on each of the counts, and the verdict does not represent a manifest miscarriage of justice. Accordingly, Mercado's motion is denied.

**I.     Standard of Review**

   A.     Motion for Judgment of Acquittal

"A defendant seeking to overturn a conviction on the ground that the evidence was insufficient bears a heavy burden." *United States v. Best*, 219 F.3d 192, 200 (2d Cir. 2000). A reviewing court must consider the evidence as a whole, not in isolation, and must defer to the jury's determination of the weight of the evidence, credibility of witnesses, and competing

inferences that can be drawn from the evidence.  *Id.*  The prosecution's proof does not need to exclude every possible hypothesis of innocence.  *Id.*

In short, the reviewing court must view the evidence in the light most favorable to the prosecution and must reject the sufficiency challenge if it concludes that "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

  B. Motion for a New Trial

A trial court has "broad discretion . . . to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice."  *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992).  In exercising that discretion, the court may weigh the evidence and evaluate the credibility of witnesses.  *Id.*  Nevertheless, the court should generally defer to the jury's credibility assessments and intrude upon that function only in exceptional circumstances, such as when "testimony is patently incredible or defies physical realities."  *Id.* at 1414.  Even if the court rejects some or all of a witness's testimony, the test for determining if a new trial should be ordered remains whether "it would be a manifest injustice to let the guilty verdict stand."  *Id.* (internal quotation omitted).

In other words, in order to grant a new trial under Rule 33, the court must answer "no" to the following question: "Am I satisfied that competent, satisfactory and sufficient evidence in this record supports the jury's finding that this defendant is guilty beyond a reasonable doubt?"  *Id.*

**II. Discussion**

The government and the defendant have posited different theories relating to the murder at issue in this case. Mercado's motion relies largely on his argument that the government's theory, connecting the murder of Aida Escalera to Attorney James Ruane, is not logically sound. Regardless of any weaknesses in that theory, the evidence at trial would permit a rational jury to have found the essential elements of the crimes charged. Furthermore, the testimony of government witnesses did not "def[y] physical realities" and was "not patently incredible." Two of those cooperating witnesses, Billie Gomez and Frank Estrada, pled guilty to Escalera's murder and provided detailed and consistent testimony concerning Mercado's involvement in the murder.

Mercado was charged with violations of 18 U.S.C. §§ 1959 and 924(c): commission of a crime of violence in aid of racketeering ("VCAR") – namely the murder of Aida Escalera – and the use or carriage of a firearm equipped with a silencer in connection with that violent crime.[1] The jury convicted Mercado on both counts.

The elements for the VCAR murder charge are: (1) that an enterprise affecting interstate or foreign commerce existed; (2) that the enterprise was engaged in racketeering activity; (3) that the defendant committed, or aided and abetted, the murder of Escalera; and (4) either: (a) that the defendant had a position in the enterprise and his general purpose in committing, or aiding and abetting, the crime of violence was to maintain or increase that position in the enterprise; or (b) that the defendant committed, or aided and abetted, the crime of violence in exchange for

---

[1] He was also charged with aiding and abetting another in committing those crimes in violation of 18 U.S.C. § 2.

something of pecuniary value from the enterprise.  *See United States v. Concepcion*, 983 F.2d 369, 381 (2d Cir. 1992).

With respect to the first two elements of VCAR murder, the defendant did not dispute that he was a member of an enterprise that engaged in narcotics trafficking in violation of federal law.  Those acts constitute racketeering activity.  *See* 18 U.S.C. § 1961(1).  Mercado acknowledged selling drugs on the streets of the P.T. Barnum Public Housing Complex in Bridgeport during the relevant time period, and evidence of his prior convictions for drug offenses was admitted.  In addition, Mercado, Gomez, and Estrada testified that they worked together in a drug trafficking organization headed by Estrada.

With respect to the third element of VCAR murder, Gomez confessed to and detailed the murder of Escalera, including Mercado's involvement.  The government introduced Gomez's eyewitness testimony that Mercado brought the victim to an abandoned building in the P.T. Barnum Public Housing Complex.  According to that testimony, Gomez shot the victim three times with a .22 caliber firearm equipped with a silencer.  After the third shot, the firearm jammed; Mercado cleared the jam and shot the victim twice more.  Gomez testified that Mercado then strangled Escalera, using a bandana.  That testimony was consistent with the physical evidence presented by the government.

With respect to the fourth element of VCAR murder, Gomez testified that Estrada directed Mercado and Gomez to kill Escalera and that they followed through on Estrada's order, in essence because they were Estrada's "lieutenants" in the narcotics enterprise.  Gomez's testimony was consistent with Estrada's testimony.

Estrada testified that he ordered Gomez and Mercado to kill Escalera.  According to

Estrada, he instructed the defendants to kill Escalera in order to help out his attorney, James Ruane, because she was to testify at trial against a client Ruane was defending.

Mercado also testified that Estrada instructed him to murder Escalera. Mercado's testimony provided a different reason for that order, however. Mercado claimed that Estrada told him that he needed Escalera murdered because she had witnessed Estrada murder Ralph Green, a tenant who lived in the same boarding house as Estrada's sister, Frances. The defense also presented evidence, which the defendant claimed showed that Frances Estrada and Aida Escalera were lovers.

Estrada, Gomez, and Mercado all testified that Gomez and Mercado initially did not follow Estrada's instruction to kill Escalera. Estrada testified that the second time that he approached Mercado and directed him to kill Escalera, Estrada offered Mercado high-quality, "PLO" brand heroin. There was evidence that less than two weeks after Escalera's murder, Mercado was arrested with "PLO" heroin. After that arrest, Estrada arranged for Mercado's legal representation and bond.

In addition to the accomplices' testimony, Eddie Lawhorn testified that, on the night of the murder, he saw Gomez and Mercado in the vicinity of the abandoned building where Escalera's body was found.

The defendant largely seeks to discredit the government's cooperating witnesses and argued at trial that they collaborated to create a story that implicated Mercado in order to curry favor with the government. A rational jury, however, could believe their testimony and reject the defense theory that Gomez and Estrada concocted Mercado's involvement in the Escalera murder. There was evidence that Gomez and Estrada had not spoken for many years, and that

there has been great animosity between the two since Gomez began cooperating with police years ago and gave up one of Estrada's stash houses. Moreover, Gomez confessed to the Escalera murder in 2001 and described the involvement of Estrada and Mercado months before Estrada pled guilty and began cooperating.

In addition to his attempt to discredit the accomplice testimony, the defendant challenges his convictions because the fourth element of the VCAR murder count was disputed. The defense presented evidence, specifically the defendant's testimony, that Mercado did not kill Escalera despite Estrada's demand because, in essence, she was Estrada's problem and had nothing to do with their drug enterprise. Despite that testimony, there was sufficient evidence for a rational jury to conclude that Mercado did commit the murder, or aided and assisted Gomez in murdering Escalera, and did so with the general purpose of furthering or maintaining his position in the racketeering enterprise or in exchange for something of pecuniary value from the enterprise. Estrada testified concerning the importance of his "lieutenants" following his orders and further testified that he promised Mercado a quantity of heroin if Mercado killed Escalera.

The second crime with which Mercado was charged, the use or carriage of a firearm equipped with a silencer to commit a crime of violence, consists of three elements: (1) that the defendant used or carried a firearm equipped with a silencer, (2) knowingly, and (3) that the firearm was used or carried during and in relation to the murder of Escalera. *See United States v. Zhou*, 428 F.3d 361, 378 (2d Cir. 2005) (internal quotation and citation omitted). The evidence introduced by the government, summarized above, was sufficient to satisfy those elements. In short, Gomez testified that the .22 caliber firearm that he and Mercado used to shoot Escalera was equipped with a silencer. Lawhorn also testified that, after learning of the murder, he

wondered why he had not heard any gun shots from the abandoned building.

In conclusion, a rational jury could have found the essential elements of the two crimes beyond a reasonable doubt. Accordingly, Mercado's motion for acquittal is denied. Mercado's alternative request for relief, a new trial, is also denied. Under that more generous standard, there was competent, satisfactory and sufficient evidence in the record to support the jury's finding that Mercado is guilty beyond a reasonable doubt. It would not be a manifest injustice to let the guilty verdict stand.

Mercado's motion for a judgment of acquittal or for a new trial (doc. # 144) is, therefore, DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 9th day of March 2006.

                                              /s/ Stefan R. Underhill
                                               Stefan R. Underhill
                                               United States District Judge